No. 73–2029.   STAR ET AL. *v.* PRELLER ET AL.   Affirmed on appeal from D. C. Md.

MR. JUSTICE DOUGLAS, dissenting.

Appellant Star owns several bookstores in Baltimore which contain, *inter alia,* coin-operated viewing machines showing portions of so-called "adult" motion pictures. After a number of raids in which these motion pictures were seized for lack of a proper license from the Maryland State Board of Censors, appellant sought injunctive relief against the enforcement of Maryland's film-licensing requirements on the ground that such requirements violate the freedoms protected by the First and Fourteenth Amendments.   We held a predecessor Maryland statute unconstitutional in *Freedman* v. *Maryland,* 380 U. S. 51 (1965); the three-judge District Court, however, concluded that the defects identified in *Freedman* had been remedied by the present statute.   352 F. Supp. 530 (Md. 1972); 375 F. Supp. 1093 (Md. 1974).

The court below made much of the fact that the amended statute provides for a prompt judicial determination of obscenity after denial of a license by the Board, and that the Board must bear the burden of proof at all stages of the proceedings.   I have previously set forth, at some length, my view that no form of censorship, no matter how speedy or efficient it may be, is constitutionally permissible.   The cost and delay involved in contesting an adverse determination by the censor provide a very practical deterrent to free and open expression; the inevitable result is a reluctance even to attempt to disseminate ideas which, by virtue of their content, may attract the censor's attention or draw his wrath.   Moreover, by imposing his sanctions in advance, the censor circumvents all the protections of the Bill of Rights which are called into play by a criminal prosecution after the

fact. The Maryland system has no place for the right of trial by jury, nor does it require proof beyond a reasonable doubt; step by step, by eroding these constitutional guarantees, the State facilitates its self-appointed task of imposing and ensuring conformity to an official standard of morality.

I adhere to the positions I have taken in *Freedman* v. *Maryland, supra,* at 61 (concurring opinion); *Times Film Corp.* v. *Chicago,* 365 U. S. 43, 78 (1961) (dissenting opinion); *Kingsley International Pictures Corp.* v. *Regents,* 360 U. S. 684, 697 (1959) (concurring opinion); and *Superior Films* v. *Department of Education,* 346 U. S. 587, 588 (1954) (concurring opinion). I would reverse the judgment below.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Appellants challenged the constitutionality of the Maryland motion picture censorship statute, Md. Ann. Code, Art. 66A, §§ 1–26 (1970), which requires that films be licensed before exhibition and forbids the licensing of obscene films. Pursuant to § 6 (b) of the statute a film is "obscene" if, "when considered as a whole, its calculated purpose or dominant effect is substantially to arouse sexual desires, and if the probability of this effect is so great as to outweigh whatever other merits the film may possess." A three-judge court ruled adversely to appellant, and this Court vacated the judgment and remanded the case for further consideration in light of *Miller* v. *California,* 413 U. S. 15 (1973), and companion cases. 413 U. S. 905. The three-judge court again upheld the statute.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit

the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting).

It is clear that, tested by that constitutional standard, the Maryland motion picture censorship statute, as it defines "obscene" in § 6 (b), is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California, supra,* at 47, and because the judgment of the three-judge court was rendered after *Miller,* I would therefore reverse. In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).